**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUAN DOE | : | |
| | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 15-CV-1355 |
| | : | |
| SWARTHMORE COLLEGE, ET. AL., | : | |
| | : | |
| Defendants | : | |

FILED

JUN 1 1 2015

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**MEMORANDUM AND ORDER**

JOYNER, J.                                      June   9  , 2015


This action is presently before the Court on Plaintiff's
Motion to Proceed Under Pseudonym.  For the reasons which follow,
the Motion is denied.

### History of the Case

This action arose out of an incident which occurred in
September, 2011 on the Swarthmore College campus between
Plaintiff and a female student whom he has identified in his
pleadings as Jane Doe, when they both were freshmen at the
college.  As a result, Plaintiff alleges that he was falsely
accused of sexual assault and suspended from the college.  He
instituted this lawsuit in March, 2015 using the pseudonym Juan
Doe contending Swarthmore discriminated against him and violated
his civil rights in investigating and adjudicating the sexual
assault complaint against him.

By the motion which is now before the Court, Plaintiff argues that he should be permitted to continue to use a pseudonymous name because he will experience severe harm if not permitted to proceed in this fashion.  More particularly, Plaintiff states that he is asking "this Court to allow him to proceed under pseudonym in order to protect him and his family from the very harm he is attempting to prevent by filing this action - to have his name linked to egregious conduct he did not commit."  (Pl's Memorandum of Law in Support of Motion to Proceed Under Pseudonym, pp. 3-4).  Plaintiff additionally notes that his complaint has identified his accuser as "Jane Doe" and has identified some 25 other Swarthmore students by numbers so as to likewise protect their privacy.  Defendants oppose Plaintiff's request to personally proceed under pseudonym; they do not object to Plaintiff's use of the Jane Doe moniker to identify the purported victim or to identification of other Swarthmore students in number format.

## Discussion

Federal Courts strongly prefer open, public proceedings and there is a presumption of access to judicial records.  See, U.S. ex rel Luciano v. Pollack Health & Fitness, Inc., Civ. A. No. 13-6815, 2015 U.S. Dist. LEXIS 56896 at *5 - *6 (D. N.J. April 30, 2015)(citing In re Cendant Corp., 260 F.3d 183, 193-194 (3d Cir. 2001)); Doe v. Temple University, Civ. A. No. 14-4729, 2014 U.S.

Dist. LEXIS 122427 at *2 (E.D. Pa. Sept. 3, 2014).   As the Third

Circuit has observed: "One of the essential qualities of a Court

of Justice is that its proceedings should be public."   Doe v.

Megless, 654 F.3d 404, 408 (3d Cir. 2011)(quoting Daubney v.

Cooper, 109 Eng. Rep. 438, 441 (K.B. 1829) and Nixon v. Warner

Communications, Inc., 435 U.S. 589, 598-599, 98 S. Ct. 1306, 55

L. Ed. 2d 570 (1978)).

This principle of openness is further embodied in the

Federal Rules of Civil Procedure.   Fed. R. Civ. P. 10(a) dictates

that:

> Every pleading must have a caption with the court's name, a
> title, a file number and a Rule 7(a) designation.   The title
> of the complaint must name all the parties; the title of
> other pleadings, after naming the first party on each side,
> may refer generally to other parties.

Indeed, "[i]dentifying the parties to the proceeding is an

important dimension of publicness.   The people have a right to

know who is using their courts[,]" and "defendants have a right

to confront their accusers."   Megless, supra, (quoting Doe v.

Blue Cross & Blue Shield United, 112 F.3d 869, 872 (7th Cir.

1997) and citing Southern Methodist University Ass'n of Women Law

Students v. Wynne & Jaffe, 599 F.2d 707, 713 (5th Cir. 1979)).

It has also been said that "[t]he 'public nature of lawsuits' and

the 'public interest inherent' in the proceedings render 'open

and transparent proceedings imperative to equitable outcomes.'"

Doe v. Oshrin, 299 F.R.D. 100, 102 (D. N.J. 2014)(quoting Lozano

v. City of Hazleton, 496 F. Supp. 2d 477, 505 (M.D. Pa. 2007),
*aff'd in part and vacated in part by* 724 F.3d 297 (3d Cir.
2013)).  Thus, "[a] plaintiff's use of a pseudonym 'runs afoul of
the public's common law right of access to judicial
proceedings.'"  Megless, supra, (quoting Does I Thru XIII v.
Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000));
K.W. v. Holtzapple, 299 F.R.D. 438, 440 (M.D. Pa. 2014).

Notwithstanding the requirement of openness, courts have
recognized that a party may, in exceptional cases, proceed
anonymously by way of pseudonym, particularly where disclosure of
the litigant's identity creates a risk of extreme distress or
danger.  Megless, and Oshrin, both supra.  "Examples of areas
where courts have allowed pseudonyms include cases involving
abortion, birth control, transexuality, mental illness, welfare
rights of illegitimate children, AIDS and homosexuality."
Holtzapple, supra, (quoting Megless, supra, and Doe v. Borough of
Morrisville, 130 F.R.D. 612, 614 (E.D. Pa. 1990)).

However, "[t]hat a plaintiff may suffer embarrassment or
economic harm is not enough."   Megless, supra; Doe v. Temple
University , Civ. A. No. 13-5156, 2014 U.S. Dist. LEXIS 127185 at
*3 (E.D. Pa. Aug. 7, 2014).  "Instead, a plaintiff must show
'both (1) a fear of severe harm, and (2) that the fear of severe
harm is reasonable.'" Megless, supra (quoting Doe v. Kamehameha
Schools/Bernice Bishop Estate, 596 F.3d 1036, 1043 (9th Cir.

4

2010)). And, in this Circuit, Courts appropriately weigh some nine non-exhaustive factors in determining whether to approve a party's request to proceed using a pseudonym. <u>Megless</u>, 654 F.3d at 410 (endorsing test first formulated in <u>Doe v. Provident Life & Accident Insurance Co.</u>, 176 F.R.D. 464 (E.D. PA. 1997)). The first six, which tend to favor anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential;
>
> (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;
>
> (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity;
>
> (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities;
>
> (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to purse the case at the price of being publicly identified; and
>
> (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

Those factors which tend to weigh against anonymity are:

> (1) the universal level of public interest in access to the identities of litigants;
>
> (2) whether, because of the subject matter of the litigation, the status of the litigant as a public figure or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and
>
> (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

<u>Megless</u>, 654 F.3d at 409; <u>Holtzapple</u>, 299 F.R.D. at441; <u>Oshrin</u>,

5

299 F.R.D. at 103.

Here, Plaintiff avers that he wishes to remain anonymous because he was not only the victim of the defendants' purported mishandling of the investigation of a false accusation of sexual assault against him, but was instead himself the "real" victim of the sexual assault.  He further alleges that he became suicidal as a result of this ordeal, that he fears retaliation from the student activists at Swarthmore College and that this will cause a recurrence of his depression and thoughts of self-harm.  Thus, Plaintiff submits that the fact that he suffers from mental illness is further justification for continued use of a pseudonym.  To resolve this motion, however, it is clear that the Court needs something more concrete than Plaintiff's mere speculation over what could occur and/or how it may psychologically affect him.

In application of the Megless/Doe v. Provident factors, we first consider the extent to which Plaintiff's identity has been kept confidential and in so doing find that, aside from his attempts to remain anonymous in the context of this lawsuit, there is no evidence that Plaintiff's identity was concealed or that Plaintiff otherwise endeavored to hide his identity.  In his motion, Plaintiff states that he has taken steps to remain anonymous but, aside from asserting that he "has not disclosed his involvement in this matter to those beyond his inner circle -

6

meaning his mother, his attorney and the students who testified
in his behalf as well as the students who had exonerating
evidence an[d] were not allowed to testify on his behalf," he has
not provided any details into what those steps were.  As this
matter is only just in the initial pleadings stage, we have only
the Complaint to examine in an effort to obtain this information.
And, as is pled in the Complaint, Plaintiff was publicly evicted
and escorted from the Swarthmore Campus on May 9, 2013,[1] shortly
after the purported victim had filed an internal sexual assault
complaint against him, that over a period of 78 days in the
summer of 2013, Swarthmore Investigator Joanna Gallagher
interviewed a number of students and persons affiliated with
Swarthmore, including the victim, transcribed her notes of those
interviews and compiled a report, and that during the Spring of
2013, Plaintiff was escorted back and forth to campus by
Swarthmore's police force. (Complaint, ¶s 145, 150, 159, 163,
176, 182, 199).  Plaintiff then had a Disciplinary Hearing on
September 27, 2013 at which a number of other Swarthmore students
testified.  (Complaint, ¶s 225, 227-287).  The complaint further
avers that this was an open hearing.  (Complaint, ¶294).  At the
conclusion of these proceedings, the External Adjudicator
determined that it was "more likely than not" that Plaintiff was

---

[1] Plaintiff notes that this occurred "fully 607 days after the 2011
Disorientation Party," the campus party at which both he and his accuser had
been in attendance immediately before the alleged sexual assault took place.

responsible for sexual assault.  Plaintiff appealed to
Swarthmore's dean, but the appeal was denied, and immediately
after the appeal meeting, the College's security evicted
Plaintiff from his room and escorted him off the premises.
(Complaint, ¶s 308, 312-315).  Fortunately, however "[b]ecause
[his] peers at Swarthmore knew, and still believe that [the
victim] had perpetrated a crime against [Plaintiff] and because
they saw the unfairness of the adversity that had overwhelmed
[him], they provided him with food, shelter and love during those
dark days."  (Complaint, ¶ 316).  Thus, from all appearances,
throughout the investigation, hearing and appeal processes,
Plaintiff's identity was either known or knowable and no efforts
were made to keep it hidden.  Accordingly, we find that this
factor favors disclosure of Plaintiff's true name.

      The second factor, the bases upon which disclosure is feared
or sought to be avoided and the substantiality of those bases,
requires that we examine Plaintiff's reasons for using a
pseudonym.  See, Doe v. Temple, 2014 U.S. Dist. LEXIS at *5.  On
this point, Plaintiff advises that he wishes "to minimize the
undeniable social stigma attached to Swarthmore's findings that
he has committed sexual assault and sexual harassment," and that
he fears, *inter alia*, ruination of "most, if not all, of the
relationships he forged during his time" at Swarthmore and that
"the student activists at Swarthmore College will retaliate

8

against him for bringing this litigation using his name to
further shame him" thus "potentially trigger[ing] his depression
and other mental issues." (Pl's Memorandum of Law in Support of
Motion for Permission to Proceed Under Pseudonym, at p. 8; Pl's
Reply In Support of Motion to Proceed Under Pseudonym at p. 4).
Given that it appears from Plaintiff's Complaint that the
Swarthmore community and/or those fellow Swarthmore students with
whom Plaintiff forged a relationship are already aware of the
allegations against him and that any retaliatory actions on the
part of these unidentified "student activists" is highly
speculative, we find that this factor also weighs against
proceeding under pseudonym.

Third, we consider the level of interest the public might
have in maintaining Plaintiff's anonymity. Here, Plaintiff is
not a minor but he does allege that he suffered from depression
and became suicidal as the result of having been charged with
sexual assault and that it was he who was victimized sexually –
not the complainant. Although given the contradictory nature of
Plaintiff's filings we find these assertions somewhat
questionable, we nevertheless conclude that this factor militates
in favor of keeping the pseudonym in place.

Fourth, we do not find an atypically weak public interest in
knowing the litigant's identity here. Indeed, as Judge Brody
recognized in Doe v. Temple University, 2014 U.S. Dist. LEXIS at

9

*3-*4, "[s]exual assaults on college campuses and the measures universities are taking to respond to these incidents, are important issues commanding national attention." Thus, if anything, the public interest factor in knowing Plaintiff's identity is fairly strong.

The fifth factor we find favors allowing Plaintiff to proceed anonymously. Indeed, accepting the gravamen of Plaintiff's complaint that he was treated differently than similarly-situated, non-minority Swarthmore male students as true and in the event that he was unfairly convicted and discriminated against because of his race, it would certainly not be in the public interest if Plaintiff or others like him opted to not pursue the remedies afforded them under federal law. Plaintiff here, however, alleges only that this "may deter him from filing suit." (Pl's Memorandum in Support of Motion to Proceed Under Pseudonym, p. 9).

As for the sixth factor, which considers whether Plaintiff may have an ulterior motive, we find that there is no evidence (or argument) on this point either way. This factor thus weighs neither in favor of nor against disclosure of Plaintiff's identity. We make the same finding for the same reason as to the ninth consideration - whether Swarthmore is illegitimately motivated to throw off the pseudonym.

Finally, as to the seventh and eighth factors, we note that

10

there is always a strong public interest in knowing who is using the court system and that defendants in particular have a right to know their accusers.  Hence, the seventh factor clearly militates in favor of revealing the plaintiff's name.  However, Plaintiff here is not a public figure and, inasmuch as he has not been prosecuted criminally in the Pennsylvania state or other court system, we do not find him to otherwise be of unusual interest to the general public outside of the Swarthmore community.  That having been said, though, his allegations are certainly of interest to those having involvement with Swarthmore and to the extent that he is able to prove that which he alleges in his complaint and thereby perhaps clear his name, we find that the eighth factor likewise favors revelation of his identity.

### Conclusion

After carefully examining the Plaintiff's pleading and submissions of both parties *vis-a-vis* the request to proceed pseudonymously and after weighing the prescribed factors, we cannot find that Plaintiff has sustained his burden of showing that he has a reasonable fear that severe harm would befall him were he required to reveal his identity.  In short, this is not such an exceptional case as would justify allowing the Plaintiff to proceed under pseudonym.  The motion shall be denied in accordance with the attached Order.

11