**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Maroof Haque** | : | |
| | : | **Civil Action** |
| Plaintiff, | : | |
| | : | **NO.  2:15-cv-01355** |
| v. | : | |
| | : | Jury Trial Demanded |
| **Swarthmore College** | : | |
| | : | The Hon. J. Curtis Joyner |
| Defendant. | : | |
| | : | **Filed Under Seal** |
| | : | |

**ORDER**

AND NOW this _____ day of _____, 2016, upon

consideration of the Joint Motion for Order Regarding Production of FERPA Protected

Information, it is hereby ordered that the Motion is granted as follows:

1.      In responding to discovery requests in this case or producing information in

support of its defenses, Swarthmore College may produce responsive non-

redacted Non-Party Student Education Records that are otherwise protected

by the Family Educational Rights and Privacy Act ("Education Records"),

including personally identifiable information, consistent with the procedures

set forth in this Order.  This Order in no way precludes Swarthmore College

from raising any appropriate objections to any discovery requests, including

based on student privacy, nor does Swarthmore College waive any objection

to the production or subsequent admissibility of such records.  Any such

records may be used solely for the purposes of this Litigation and be subject to

a Protective Order.

2.      Before producing any Education Record, however, Swarthmore College shall

make reasonable efforts in accordance with 34 C.F.R. Sec. 99.31(a)(9)(ii) to

notify the Non-Party Student whose education record may be disclosed via

discovery by sending a notice to the student's last known address by certified

mail and to the student's last known email address. The notice shall provide

that, if the student objects to production of the material, the student must file

an objection with this Court, with a copy to counsel for Swarthmore College,

within 30 calendar days of Swarthmore having mailed the notification. In the

event an objection is filed, Swarthmore shall provide Plaintiff's counsel with a

redacted version of the objection, removing any identifying information and it

shall not produce the subject document until the objection is resolved.

3.      Subject to the terms of any Protective Order, to the extent that any Education

Records of or involving Non-Party Students produced by Swarthmore College

are submitted to this Court, personally identifiable information shall be

redacted from the document, including any information that could reasonably

lead to the identity of the student. Plaintiff's education records, however,

need not be redacted except to comply with Fed. R. Civ. P. 5.2. The Court

may review any redacted documents *in camera* in un-redacted form.

4.      With respect to any information shared with Plaintiff in discovery pursuant to

this Order, Plaintiff and his counsel shall not use the documents or any

information contained in the documents for any purposes other than this

Litigation and shall not disclose such documents or information to anyone

-2-

unless specifically authorized by order of Court, including any Protective

Order, or the agreement of the Parties.

BY THE COURT

Dated: _____                      _____

The Hon. J. Curtis Joyner

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Maroof Haque** | : | |
| | : | **Civil Action** |
| Plaintiff, | : | |
| | : | **NO. 2:15-cv-01355** |
| v. | : | |
| | : | Jury Trial Demanded |
| **Swarthmore College** | : | |
| | : | The Hon. J. Curtis Joyner |
| Defendant. | : | |
| | : | **Filed Under Seal** |
| | : | |

### Joint Motion for Order Regarding Production of FERPA Protected Information

Plaintiff Maroof Haque and Defendant Swarthmore College jointly move the

Court to enter an Order Regarding Production of FERPA Protected Information.  The

reasons supporting this motion are more fully set forth in the accompanying

Memorandum of Law, which is incorporated herein as though fully set forth.

WHEREFORE, the Parties respectfully request that the Motion be GRANTED,

and the Court enter the attached proposed order.

Respectfully submitted,

*s/ Raul Jauregui*

Raul Jauregui, Esquire
105 Rutgers Avenue
P.O. Box 121
Swarthmore, PA  19081
raul.jauregui@gmail.com

***Attorney for Plaintiff***

*s/ Michael E. Baughman*

Michael E. Baughman, Esquire
baughmam@pepperlaw.com
Hedya Aryani, Esquire
aryanih@pepperlaw.com
PEPPER HAMILTON LLP
3000 Two Logan Square
Philadelphia, PA 19103-2799

***Attorneys for Defendant
Swarthmore College***

Dated:  May 2, 2016

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Maroof Haque** : | |
| : | **Civil Action** |
| Plaintiff, : | |
| : | **NO. 2:15-cv-01355** |
| v. : | |
| : | Jury Trial Demanded |
| **Swarthmore College** : | |
| : | The Hon. J. Curtis Joyner |
| Defendant. : | |
| : | **Filed Under Seal** |
| : | |

### Memorandum of Law in Support of Joint Motion for Order
### Regarding Production of FERPA Protected Information

Plaintiff, Maroof Haque, brings this action against Swarthmore College asserting federal and state law claims challenging his suspension and subsequent expulsion from Swarthmore College. Defendant filed a Motion to Dismiss the Third Amended Complaint, which the Court granted in part and denied in part on January 28, 2016.

Discovery in this case may involve production of information that relates to students of Swarthmore College other than the Plaintiff, which may be protected by the Family Educational Records and Privacy Act, 20 U.S.C. § 1232g ("FERPA"). While discoverable information may be protected by FERPA, the regulations governing FERPA provide that Education Records may be disclosed without consent when "[t]he disclosure is [made] to comply with a judicial order." 34 C.F.R. § 99.31(a)(9)(i). In that circumstance, the educational institution must first "make[] a reasonable effort to notify the parent or eligible student of the order . . . so that the parent or eligible student may seek protective action." *Id.* § 99.31(a)(9)(ii).

Therefore, the Parties ask this Court to enter the attached Proposed Order, which would provide for the following:

1.  In responding to discovery requests in this case or producing information in support of its defenses, Swarthmore College may produce responsive non-redacted Non-Party Student Education Records that are otherwise protected by the Family Educational Rights and Privacy Act ("Education Records), including personally identifiable information, consistent with the procedures set forth in this Order.  This Order in no way precludes Swarthmore College from raising any appropriate objections to any discovery requests, including based on student privacy, nor does Swarthmore College waive any objection to the production or subsequent admissibility of such records.  Any such records may be used solely for the purposes of this Litigation and be subject to a protective order.

2.  Before producing any Education Record, however, Swarthmore College shall make reasonable efforts in accordance with 34 C.F.R. Sec. 99.31(a)(9)(ii) to notify the Non-Party Student whose education record may be disclosed via discovery by sending a notice to the student's last known address by certified mail and to the student's last known email address.  The notice shall provide that, if the student objects to production of the material, the student must file an objection with this Court with a copy to counsel for Swarthmore College, within 30 calendar days of Swarthmore having mailed the notification.  In the event an objection is filed, Swarthmore shall provide Plaintiff's counsel with a

-2-

redacted version of the objection, removing any identifying information and it shall not produce the subject document until the objection is resolved.

3.      Subject to the terms of any Protective Order, to the extent that any Education Records of or involving Non-Party Students produced by Swarthmore College are submitted to this Court, personally identifiable information shall be redacted from the document, including any information that could reasonably lead to the identity of the student.  Plaintiff's education records, however, need not be redacted except to comply with Fed. R. Civ. P. 5.2.  The Court may review any redacted documents *in camera* in un-redacted form.

2.      With respect to any information shared with Plaintiff in discovery pursuant to this Order, Plaintiff and his counsel shall not use the documents or any information contained in the documents for any purposes other than this Litigation and shall not disclose such documents or information to anyone unless specifically authorized by order of court, including any Protective Order, or the agreement of the Parties.

Respectfully submitted,

*s/ Raul Jauregui*
_____

Raul Jauregui, Esquire
105 Rutgers Avenue
P.O. Box 121
Swarthmore, PA  19081
raul.jauregui@gmail.com

**Attorney for Plaintiff**

*s/ Michael E. Baughman*
_____

Michael E. Baughman, Esquire
baughmam@pepperlaw.com
Hedya Aryani, Esquire
aryanih@pepperlaw.com
PEPPER HAMILTON LLP
3000 Two Logan Square
Philadelphia, PA 19103-2799

**Attorneys for Defendant
Swarthmore College**

Dated: May 2, 2016

-3-

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Joint Motion for Order Regarding Production of FERPA Protected Information was served on May 2, 2016, by electronic mail upon:

> Raul Jauregui, Esquire
> 105 Rutgers Avenue
> P.O. Box 121
> Swarthmore, PA  19081
> raul.jauregui@gmail.com

> **Attorney for Plaintiff**

By:   *s/ Hedya Aryani*

Hedya Aryani, Esquire

**Attorney for Defendant**
**Swarthmore College**