IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAROOF HAQUE | : |
| Plaintiff | : CIVIL ACTION |
| vs. | : |
| | : NO. 15-CV-1355 |
| SWARTHMORE COLLEGE | : |
| | : FILED UNDER SEAL |
| Defendant | : |



## ORDER

AND NOW, this 30th day of November, 2016, upon consideration of Plaintiff's Motion for Reconsideration or Certification for Interlocutory Appeal of the Dismissal of His Title IX Claim and Defendant's Response in opposition thereto, it is hereby ORDERED that the Motion is DENIED.[1]

---

[1] The purpose of a motion for reconsideration is to correct manifest errors of law or to present newly discovered evidence. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir. 1985); Frederick v. Southeastern Pennsylvania Transportation Authority, 926 F. Supp. 63, 64 (E.D. Pa. 1996). A party filing a motion to reconsider must therefore rely on at least one of the following grounds: (1) the availability of new evidence that was not available when the court first decided the motion; (2) an intervening change in the controlling law; or (3) the need to correct an error of law or to prevent manifest injustice. Lazaridis, supra; Max's Seafood Café ex rel. Lou-Ann v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); Hartford Fire Insurance Company v. Huls America, Inc., 921 F. Supp. 278, 279 (E.D. Pa. 1995); Prousi v. Cruisers Division of KCS International, Inc., 1997 WL 793000 (E.D. Pa. 1991) at *3. In the absence of one of these three grounds, it is improper for a party moving for reconsideration "to ask the Court to re-think what it has already thought through-rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

Here, Plaintiff moves for reconsideration on the basis of the Second Circuit's decision in Doe v. Columbia University, 831 F.3d 46 (3d Cir. 2016) that the pleading of circumstances giving rise to an inference of intentional sex discrimination is sufficient to plead a plausible cause of action under Title IX. While Plaintiff is correct that we did cite to the decision of the U.S. District Court for the Southern District of New York in the foregoing case, i.e. the decision which was vacated and remanded by the Second Circuit,

that was not the sole case upon which this Court relied in determining that Plaintiff's Title IX claim was insufficient. Rather, because the Third Circuit has yet to articulate the pleading standards required for Title IX claims, we cited to a number of other district court decisions in, *inter alia*, the District of New Jersey, the Northern District of Ohio, the Eastern District of Tennessee, the Eastern District of Virginia and the District of Massachusetts, as well as to others issued by the Courts of Appeals in both the Second and Sixth Circuits. (See, Memorandum and Order of January 28, 2016, pp. 12-21). For a recent decision to constitute "an intervening change in the controlling law," the law must in fact, be controlling. A decision issued by a Court in another Circuit is not controlling. See, United States ex rel. Carter v. Halliburton Co., 315 F.R.D. 56, 59 (E.D. Va. 2016); Capaz-Rodriguez v. AG of the United States, 586 Fed. Appx. 88, 93 (3d Cir. 2014); Physicians Healthsource, Inc. v. Janssen Pharmaceuticals, Inc., Civ. A. No. 12-2132(FLW-TJB), 2015 U.S. Dist. LEXIS 116676 at *9 (D. N.J. Sept. 2, 2015); D & D Assocs. v. Board of Educ. Of N. Plainfield, Civ. A. No. 03-1026 MLC, 2009 U.S. Dist. LEXIS 26630 (D. N.J. March 31, 2009). Thus, while the Second Circuit's recent decision in Doe is certainly worthy of consideration, it is not binding upon this Court and Plaintiff's motion for reconsideration on the basis of this decision must be denied.

In the alternative, Plaintiff now requests leave to file an interlocutory appeal of our January, 2016 decision dismissing his Title IX claim. 28 U.S.C. 1292(b) "allows district courts to designate for review interlocutory orders 'not otherwise appealable,' where immediate appeal 'may materially advance the ultimate termination of the litigation.'" Gelboim v. Bank of America Corp., 135 S. Ct. 897, 906, 190 L. Ed.2d 789, 799 (2015)(quoting text of §1292(b)). In addition, Section 1292(b) dictates that the order sought to be appealed must present a "substantial ground for difference of opinion." "A controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal," and "'substantial ground for difference of opinion' exists when the matter involves 'one or more difficult and pivotal questions of law not settled by controlling authority.'" Knopck v. Downey, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013)(quoting Knipe v. Smithkline Beecham, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008) and McGillicuddy v. Clements, 746 F.2d 76, 76, n.1 (1st Cir. 1984)). Throughout the proceedings, the burden remains on the party seeking certification to show that "exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment. Knipe, at 598. "The designation may be accepted or rejected in the discretion of the court of appeals." Gelboim, supra.

In this case, the question which Plaintiff moves to certify is essentially what is the pleading standard in the Third Circuit for a claim under Title IX. This is not a controlling question of law as to which there is substantial ground for difference of opinion in this Circuit, it is instead a question of first impression in this Circuit. And, "[t]he fact that there is an issue of first impression for the Third Circuit does not justify an interlocutory appeal." Duffy v. Lawyers Title Ins. Co., Civ. A. No. 11-4503, 2012 U.S. Dist. LEXIS 91271 at *10 (E.D. Pa. July 2, 2012)(citing Larsen v. Senate of Commonwealth of Pennsylvania, 965 F. Supp. 607, 609 (M.D. Pa. 1997)). Furthermore, "permission to appeal is wholly within the discretion of the courts, even if the criteria are present." United States ex rel. Galmines v. Novartis Pharmaceuticals Corporation, Civ. A. No. 06-3213, 2013 U.S. Dist. LEXIS 120672 at *5 (E.D. Pa. Aug. 26, 2013). Given that we do not find that a controlling question of law is presented here, we shall exercise our discretion to deny the request for leave to file an interlocutory appeal.

BY THE COURT:

_____
J. CURTIS JOYNER, J.