IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Maroof Haque | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION |
| Swarthmore College | : NO. 15-1355 |
| Defendant. | : |
| | : FILED UNDER SEAL |

## ORDER

AND NOW, this ____ day of _____, 2017, after consideration of Plaintiff's Motion to Lift Seal and Defendant Swarthmore College's Response thereto, IT IS HEREBY ORDERED, that Plaintiff's Motion is GRANTED IN PART and DENIED IN PART. The Clerk of Court shall LIFT the seal on all documents appearing on the docket, with the exception of the original Complaint (Doc. 3), the Amended Complaint (Doc. 12) and the Second Amended Complaint (Doc. 21), all of which were stricken and shall remain under seal.

It is further ORDERED that in any publicly filed documents the parties shall continue to refer to the complainant as "Jane Doe" and use pseudonyms for non-party Swarthmore students involved in this case, unless and until the Court orders otherwise.

BY THE COURT:

_____
Hon. J. Curtis Joyner

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Maroof Haque** | : |
| **Plaintiff,** | : |
| v. | : CIVIL ACTION |
| **Swarthmore College** | : NO. 15-1355 |
| **Defendant.** | : |
| | : **FILED UNDER SEAL** |

### DEFENDANT SWARTHMORE COLLEGE'S RESPONSE TO PLAINTIFF'S MOTION TO LIFT SEAL

Defendant Swarthmore College ("Swarthmore") does not oppose Plaintiff's Motion to Lift Seal in this case, except to the extent that it (1) would unseal documents that were stricken from the record, and (2) seeks to permit the identification in publicly filed documents of non-party Swarthmore students other than the complainant ("Jane Doe").

Swarthmore understands that Plaintiff's counsel does not oppose keeping the following stricken pleadings under seal: Plaintiff's Complaint (Doc. 3); Plaintiff's Amended Complaint (Doc. 12); and Plaintiff's Second Amended Complaint (Doc. 21). Thus, to the extent the Court is inclined to lift the seal, Swarthmore requests that those documents remain sealed. Because the Court, in striking those pleadings, found that they were never properly filed in the first place, there is good cause to keep those documents under seal. Moreover, Swarthmore agrees with Plaintiff that Jane Doe's name should not be revealed in the public record.[1]

Plaintiff also takes the position that non-party Swarthmore students in this case (other than Jane Doe) should be identified by name in public filings because "there is no basis for any of the other witnesses to remain anonymous as their interest in privacy is no greater than

---

[1] Counsel for Swarthmore understands from counsel for Jane Doe that she also believes that the stricken pleadings should remain under seal and that her name should not be revealed in the public record.

witnesses in other legal proceedings . . . and there is no compelling argument that disclosure of their identity will cause them any harm or implicate statutory concerns, such as the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g (2004) ("FERPA")." (Pl.'s Mot. at 3).

But Plaintiff's assumptions are incorrect. Any information that Swarthmore may be producing concerning its non-party students does implicate FERPA concerns. Indeed, the parties have agreed, and this Court has already found, that FERPA protections apply to non-party students in this case and issued Orders to protect against public identification of those students. Specifically, the Stipulated Confidentiality Agreement and Protective Order ("Protective Order") in this case defines "Confidential" information to include "information that relates to Non-Party Students of Swarthmore College that may be protected by the [FERPA]." Ex. A (Doc. 46) at § A.3. With respect to filings, the Protective Order states that "Documents containing or referring to the Confidential Discovery Material shall not be filed with the clerk of Court . . . A redacted copy of all documents, redacting all Confidential Discovery Material or references [thereto] and references to any Non-Party Student, shall be filed with the clerk of court for the record." *Id.* at § K.1; *see also id.* § E (broadly prohibiting disclosure of Confidential Discovery Materials to anyone other than a limited list of individuals).

In addition, the Court entered a separate Order Regarding Production of FERPA Protected Information ("FERPA Order"). Ex. B. Pursuant to that Order, Swarthmore made reasonable efforts to provide written notice and an opportunity to object to those non-party students Swarthmore has identified to date whose names might be disclosed in discovery. *Id.* at § 2. In response, at least seven students filed objections regarding the disclosure of their names

and other personally identifiable information under FERPA, which objections have not yet been resolved.[2]

Thus, in light of the existing agreements and court orders, the Court should deny Plaintiff's request to identify third-party students in publicly filed pleadings. Plaintiff has also failed to identify any significant burden that would befall the Plaintiff in keeping such names out of the public record, at least until trial.

That is particularly so where several students have raised concerns about the revelation of their identity. While Swarthmore does not represent those students and takes no position on the merits of their objections, the Court may want to consider providing the students who filed objections with notice and an opportunity to respond prior to permitting the disclosure of their names and other FERPA protected information in case filings.[3]

The single case Plaintiff cites is distinguishable. In *Jennings v. Univ. of North Carolina*, the district court denied the sealing of non-party student depositions where the students' testimony related to "conversations among themselves, and comments their coach may or may not have made about them." 340 F. Supp. 2d 679, 684 (M.D.N.C. 2004). The court concluded that this was not the type of information found in an "educational record" under FERPA because it "would not have been[] part of any documents maintained by the University." *Id.* By contrast, Plaintiff here will be seeking disciplinary data and records regarding other

---

[2] These students submitted their written objections directly to the Court, with copies to Swarthmore's counsel. In turn, Swarthmore's counsel provided Plaintiff's counsel with redacted copies of all objection letters they received.

[3] Those students' names also may be disclosed in prior filings if the case is unsealed. At least one of Plaintiff's prior filings identified several non-party students by name, including a student who filed an objection to disclosure of her name with the Court. *See* Exhibits to Plaintiff's Opposition to Motion to Disqualify at MH26 – MH31, filed on or around June 15, 2016. Therefore, the Court may wish to hear from these students before unsealing the record or, alternatively, seal any documents that mention non-party student names until these students are heard from.

Swarthmore students as purported comparators for his race discrimination claim involving underlying allegations of sexual assault. Such information falls squarely within documents maintained by Swarthmore, and further involves allegations regarding sensitive issues. As such, there is a far more compelling case for protecting the identities and information from the education records of students under FERPA in this case than in *Jennings*.

For these reasons, Defendant Swarthmore College requests that the Court enter a more tailored Order than the one proposed by Plaintiff's Motion to Lift Seal – one that continues to seal the stricken pleadings in this case, and protects the identities of non-party Swarthmore students from public disclosure.

Dated: May 18, 2017                                  Respectfully submitted,

*/s/ Michael E. Baughman*
Michael E. Baughman, Esquire
baughmam@pepperlaw.com
Hedya Aryani, Esquire
aryanih@pepperlaw.com
PEPPER HAMILTON LLP
3000 Two Logan Square
Philadelphia, PA 19103-2799

**Attorneys for Defendant
Swarthmore College**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Swarthmore College's Response to Plaintiff's Motion to Lift Seal was served on May 18, 2017, by electronic and U.S. First Class Mail upon:

David F. McComb, Esquire
dfmccomb@zarwin.com
Zachary Silverstein
zsilverstein@zarwin.com
ZARWIN, BAUM, DEVITO, KAPLAN
SCHAER & TODDY, P.C.
1818 Market Street, 13th Floor
Philadelphia, PA 19103-3638
267-765-9628

By: /s/ *Michael E. Baughman*
Michael E. Baughman, Esquire
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
baughmam@pepperlaw.com

**Attorney for Defendant**