IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Maroof Haque | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION |
| | : | |
| Swarthmore College | : | NO. 15-1355 |
| Defendant. | : | FILED UNDER SEAL |
| | : | |

## ORDER

And now in light of motions seeking and objecting to reconsideration of this Court's seal over the disqualification proceedings it is hereby ordered that the reconsideration is denied and the disqualification proceedings remain sealed.

BY THE COURT

_____

The Hon. J. Curtis Joyner.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Maroof Haque | : |
| Plaintiff, | FILED |
| v. | JUL 1 2 2017 |
| Swarthmore College | KATE BARKMAN, Clerk |
| Defendant. | By_____Dep. Clerk : |

**CIVIL ACTION**

**NO. 15-1355**

**FILED UNDER SEAL**

### Motion in Opposition to any Request to Reconsider and to Lift the Seal on the

### Disqualification of Mr. Haque's Previous Attorney.

The Court received a certain letter dated June 7, 2017 asking for reconsideration and seeking to lift the Court's seal over the disqualification proceedings and specifically its memorandum. Yet the circumstances have not changed at all since the Court sealed these proceedings; to the contrary, the parties have relied on that seal. Disclosing this information now is as harmful as disclosing it was at the time the Court placed it under seal because it is inextricably linked to publishing the identities of parties to sexual assault. Thus, Mr. Jauregui now objects to that or any other request to reconsider and lift the seal over the disqualification and its documents, or to otherwise reconsider and lift the seal to use the information related to his disqualification, because of the dispositive fact that while nothing (as far as Mr. Jauregui is aware) in the Haque litigation revealed the names of Swarthmore students involved in sexual assault, everything in the disqualification proceeding did, and the disqualification parties have relied on the seal.

Mr. Jauregui does not believe that the June 7, 2017 letter ("Letter") to the Court meets the standard for this Court to reconsider and lift its seal over the disqualification proceeding, including the evidence, testimony, or its memorandum. In fact the Letter did

not brief that question at all. Clearly, lifting the disqualification seal triggers a situation which involves and harms far more people than Mr. Jauregui only, as these Swarthmore students have thus far benefited from anonymity. The Court sealed this disqualification after careful balance of the competing interests and ruled in favor of protection and privacy of those interests. Those concerns and that decision to seal remain true to date.

If the Court should agree with the Letter and lift the disqualification's seal, Mr. Jauregui would be condemned to a lifetime of explaining why he was disqualified. This in turn would require publication of the entire record of the disqualification—including Ms. Brinn's testimony, the names of those who coached the Title IX OCR Complaint, the names of survivors who were part of the OCR complaint, the names of their alleged assailants, the same names for parties not in the OCR complaint, the names of sources for Mr. Jauregui's information (as this came from many others), and embarrassing matters included in the materials Mr. Jauregui submitted for in chambers review only. <u>This is unfair and it constitutes a present, serious, and specific harm in the context of no change in circumstance. That is why reconsideration should be denied and the seal preserved.</u>

Unquestionably all of this information is sensitive and protected under FRE 412. Thus, the Letter seeking to lift the seal harms more than it heals. That Letter does not meet the standard for lifting of the disqualification's seal and thus any request to lift this seal—which is completely independent from the seal granted to Swarthmore overall in Mr. Haque's case—should be denied. Mr. Jauregui deserves a career, not a lifetime of explanations, and everyone deserves the right to forget their past as this Court so elegantly established when it granted the disqualification seal in the first place.

In support of this motion Mr. Jauregui submits the enclosed memorandum of law.

Respectfully Submitted,


/s/ **TANNIA JAUREGUI**
_____

Tannia Jauregui
Attorney for Raul Jauregui

Dated: July 12, 2017

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Maroof Haque | : | |
| | : | |
| **Plaintiff,** | : | |
| v. | : | **CIVIL ACTION** |
| | : | |
| Swarthmore College | : | **NO. 15-1355** |
| | : | |
| **Defendant.** | : | **FILED UNDER SEAL** |
| | : | |

### Memorandum of Law in Opposition to any Request to Reconsider and to Lift the
### Seal on the Disqualification of Mr. Haque's Previous Attorney.

There is no change in circumstance at all that should suggest to the Court that its decision to place the disqualification proceeding under seal should be disturbed or reconsidered, and specifically that the seal over the disqualification memorandum should be lifted, or that the identities of parties to sexual assault are less protected under FRE 412 now than they were when the Court sealed these proceedings and their documents. Quite the contrary; as far as is known to Mr. Jauregui, all the parties—including Ms. Brinn who moved to disqualify--have relied on this seal. Disclosing this information now is as harmful as disclosing it was at the time the Court placed it under seal because it is inextricably linked with disclosing the identities of parties to sexual assault. Thus, in spite of the certain letter to the Court of June 7, 2017 ("Letter"), the Court's decision should not be reconsidered and the disqualification's seal should not be lifted.

### FACTS

The Court granted a specific seal for the disqualification proceeding at the start of testimony from the movant, Ms. Brinn, who went on to rely on that seal and testify on who else, other than Mr. Jauregui, had seen, had helped, had edited or was part of a

1

document given to the Department of Education which listed—anonymously—the names

of several Swarthmore students involved in sexual assault.  Ms. Brinn then revealed the

names of several of those students.  Mr. Jauregui did not take the stand and did not

submit additional exhibits—including extensive materials that he provided for in-camera

review only—relying on that very same seal to protect the identity of even more students.

Ms. Brinn spoke at length on her own sexual assault experience and about her activism

on sexual assault at Swarthmore.  Ms. Brinn also introduced unredacted documents and

drafts of documents she claimed Mr. Jauregui—and many others—saw at the time.

  The Court then issued a memorandum under seal disqualifying Mr. Jauregui.  The

memorandum finds that even though Jane Doe's name was anonymized in the OCR

complaint, it put Mr. Jauregui in conflict, and that the existence of this information was

not kept confidential (memo at 12) as Ms. Brinn herself made the information public, in

anonymized form, to OCR.  Thus, at this point, all the public knows is that Ms. Brinn

filed a public complaint of sexual assault against Swarthmore alleging matters against its

employees, but does not know the names of the students involved in the assault stories.

  The Court then received a Letter stating its belief that the Court's seal did not

apply to the disqualification or its memorandum which could thus be used in public

against Mr. Jauregui.  The Court kindly directed Mr. Jauregui to file this motion.

  Lifting the seal will force disclosure of the names of several persons involved in

Swarthmore's experience of sexual assault.  The seal should not be lifted, and no one

should use the Court's memorandum, because it disturbs the privacy of those persons for

no reason as the circumstances that existed when the Court granted the seal exist today,

with everyone's reliance on the seal to boot.  Mr. Haque's litigation against Swarthmore

does not affect this seal.  Mr. Jauregui is not involved in that matter but believes it has maintained the confidentiality of the sexual assault parties included in the OCR complaint, as well as that of the many other comparators not part of the OCR complaint.

But the disqualification proceeding did not do that.  It revealed names of sexual assault parties and opened the door to revealing many other names. Even so, the circumstances have not changed—these names are confidential and the disqualification publishes them if the seal is lifted.  In addition, the interests for each seal are different— Mr. Haque's lawyers can and maybe will argue that Swarthmore is a well known brand granting the public enormous interest in how it handled and continues to handle sexual assault claims involving many anonymized parties and a federal investigation of the same, while Mr. Jauregui argues that keeping the disqualification seal protects the identities of Swarthmore's students and that he and others relied on that seal.

Lifting the Haque seal relates to the public's right to know how a current, former, or future Swarthmore student will be treated, but maintaining the seal over Mr. Jauregui's disqualification relates to the privacy of former Swarthmore students involved in sexual assault, and to the facts that no circumstance has changed.  Further, Mr. Jauregui and Ms. Brinn relied on the seal during the disqualification.  Reconsideration of the disqualification's seal goes to the core of American privacy law and to the fundamental principle behind FRE 412.  Justice Louis Brandeis defined that principle, our privacy, as "the right to be let alone." Olmstead v. United States, 277 U.S. 438, 478, 48 S.Ct. 564, 72 L.Ed. 944 (1928) (Brandeis, J., dissenting).  It seems reasonable that here all the parties, including Mr. Jauregui, are entitled to their privacy and should be let alone.

3

## **LEGAL FRAMEWORK**

It is squarely in the Court's discretion to decide to reconsider the sealing or to reconsider amending a seal over its files.  This Court has the discretion to decide issues regarding the sealing or unsealing of the record by balancing factors both for and against access, see <u>Bank of Am. Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assocs.</u>, <u>800 F.2d 339, 344 (3d Cir.1986)</u>.   Moreover, the Court "retains the power to modify or lift confidentiality orders that it has entered. … Nevertheless, simply because the courts have the power to grant orders of confidentiality, this does not mean that such orders may be granted arbitrarily." See <u>Pansy v. Borough of Stroudsburg, 23 F.3d 772, 784-85 (3d Cir.1994)</u> (citations omitted). Finally, the Third Circuit has stated that "[i]n determining whether any document or portion thereof merits protection from disclosure, "a court should be mindful that "continued sealing must be based on `current evidence to show how public dissemination of the pertinent materials now would cause the ... harm [the party seeking protection] claim[s].'" <u>Leucadia. Inc, v. Applied Extrusion Technologies, Inc, 998 F.2d 157 at 167</u> (3rd Cir. 1993) (quoting <u>Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 663 (3d Cir.1991)</u>).

## **DISCUSSION**

1.   **Judge Joyner Granted a Seal for the Entire Disqualifcation Proceeding from its Start Which Overrides the Common Law Presumption of Access to Records Because FRE 412 Protects the Nature of this Information**.

FRE 412 specifically protects the privacy interests of sexual assault victims, including the inextricably linked identities of so many Swarthmore students who were referred to in the disqualification proceeding.  And the disqualification seal falls squarely within this

4

interest, for as the notes to FRE 412 state: "In order not to undermine the rationale of Rule 412, however, courts should enter appropriate orders pursuant to Fed.R.Civ.P. 26 (c) to protect the victim against unwarranted inquiries and to ensure confidentiality." That is a dispositive statutory exception to the usual presumption that the public can read files.

This is why the Court already protected those interests, under FRE 412, sealing the disqualification independently from Judge Jones' original and temporary seal on the overall litigation between Mr. Haque and Swarthmore. Thus, the parties to the disqualification—none of whom objected to Judge Joyner's seal—already met their burden to show that because this sexual-assault related information is inextricably linked with the disqualification it is entitled to protection under FRE 412. Unquestionably, its disclosure will cause harm. In re Cendant, 260 F.3d 183, 194 (3d Cir. 2001) (internal quotations omitted). While the Letter makes no mention of any of these points, clearly, there is no changed circumstance, unfair injustice, or new law suggesting this seal should be reconsidered, or that it is no longer valid law as it is still codified in FRE 412.

The parties' shield under FRE 412 trumps any Common Law presumption of access and the Letter-request to do so does not overcome this Court's finding on that issue. Thus the seal is not subject to reconsideration and should not be lifted.

2.   **Public use of the Court's Disqualification Proceeding Would Violate the Privacy of Several Swarthmore Graduates, that of Ms. Brinn, that of Several Third Parties, that of Mr. Haque, and that of Mr. Jauregui.**

Ms. Brinn testified at length on her involvement with several Swarthmore students. She provided their names mostly through exhibits on the record. Ms. Brinn also identified women at SurvJus, a pro-Title IX group, and other female professors who

5

helped her file a complaint against Swarthmore.  Ms. Brinn identified one her own stories of sexual assault and the name of her alleged assailant.  Ms. Brinn identified the name of "Jane Doe" in the Haque litigation.  Those names and many others including some Mr. Jauregui provided for in-chambers review cannot be separated from the disqualification.

Publishing these names, be it as part of the Letter's request or as Mr. Jauregui spends the rest of  his life explaining what happened here, violates privacy interests recognized under FRE 412 which are currently protected through Judge Joyner's seal over the disqualification. The Third Circuit has held that the interest this privacy is very important to the sealing balancing test. Pansy, 23 F.3d at 787, citing Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34-36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).  This is precisely the balancing the Court already performed when it granted the seal right at the start of the disqualification.  In granting this seal, the Court elegantly carried out its task to try to prevent "the infliction of unnecessary or serious pain on parties." Id. Now, the court should consider whether the unsealing of the record might inflict "unnecessary and intensified pain on third parties who the court reasonably finds are entitled to such protection." Bank of Am, 800 F.2d  at 346 (3d Cir.1986), citing United States v. Criden, 648 F.2d 814, 829 (3d Cir.1981) (Criden I). Clearly, here, it will, as the identities of so many complainants and respondents of sexual assault would be published.  Of note, the Court has received letters where even witnesses to these stories objected to the pain from use of their names.  Thus it is clear that the infliction of pain on third parties from the embarrassment and hurt to come from lifting the seal violates everyone's privacy.

3.      **To Preserve its Seal the Court Must Asses the Absence of any Changed Circumstance and the Fact that at a Minimum Ms. Brinn and Mr. Jauregui Relied on the Court's Sealing of the Disqualification Proceeding During their Argument for the Proceeding Itself and Ever Since.**

The standard for reconsideration requires the movant to show manifest errors of law or fact, or to present new evidence, or to articulate a need to correct a manifest injustice. See, e.g., Max's Seafood Café v. Quiteros, 176 F.3d 669, 677 (3d Cir. 1999). The standard for review of a seal would require even more from the movant, namely, a showing of current evidence that dissemination would not cause harm. Leucadia, Inc., 998 F.2d at 167, id. Yet here the Letter does not cite any new information, new law, changed circumstance, or manifest injustice simply because none exist. There is no evidence in the Letter or elsewhere showing that reconsidering the seal to disseminate the information it protects causes no harm. To the contrary, all the evidence suggests the opposite because the harm remains the same. The seal prevented then and prevents now the manifest injustice which will come from publication of sexual assault information that is indistinguishably blended into the disqualification proceeding. That sexual assault information, which is at stake here, remains the same now as when the seal issued. Similarly, its sensitivity remains and will remain the same. "Even if sealing was proper at the time when it was initially imposed, the sealing order must be lifted at the earliest possible moment when the reasons for sealing no longer obtain...." In re Cendant, 260 F.3d at 196, id. The Letter-request fails because the disqualification testimony, record, and decision reveal the identity of Swarthmore students who are involved in sexual assault which is what the seal protects to date and forever. No changed circumstance

argues for reconsidering the seal over this information.  The reasons for sealing it in the past still obtain today and forever because sexual assault is always sensitive.

As far as it is reasonably known both Ms. Brinn and Mr. Jauregui operated during the disqualification proceeding—and have operated since—relying on the seal.  That is neither one has published names or spoken about the disqualification in public. The parties' reliance on the seal in terms of what they stated matters because, as held in Zurich American Ins. Co. v. Rite Aid Corp., 345 F. Supp. 2d 497, 504 (2004), "When considering the modification of a confidentiality order, the court should use the same balancing test [in In re Cendant, 260 F.3d at 196, id], with one difference:  "One of the factors the court should consider in determining whether to modify the order is the reliance by the original parties on the confidentiality order."  Pansy, 23 F.3d at 790.

Mr. Jauregui relied on the seal during the disqualification and chose to not testify and to not include in the record the extensive materials he submitted for in-camera review only as he thought and still thinks the disqualification will remain sealed.  Relying on that seal he did not believe it was necessary to make that information of record.  Had there been no seal he would have made that and much more information of record.  And if the seal were reconsidered and lifted he would make it of record as it will become essential for Mr. Jauregui to publicly explain his side of this unfortunate situation for the rest of his life.  But in the absence of changed circumstances and given the parties' reliance on the permanence of the seal, there is no reason to reconsider or modify this seal.

4.    **Shielding the Identities of Sexual Assault Parties at Swarthmore, Given
      Mr. Jauregui's and Ms. Brinn's Reliance on the Court's Disqualification
      Seal, is Different from the Public Interest in the Swarthmore Litigation**

Swarthmore is a small, tightly knit, and world-wide community of alumni, students,
faculty, family, and friends.  The undersigned graduated from Swarthmore, as did Ms.
Brinn, as did Jane Doe and many from her family, and as should have been the case for
Mr. Haque.  All of that group, and the public at large, has an enormous public interest in
learning what exactly befell a school that used to rank as the best liberal arts college in
the US and is now ranked the 6th.  Part of that fall in prestige raises serious concerns
about the administration's handling of sexual assault and is a matter that should be
discussed in public as well as within the Swarthmore world.  The identities of the parties
of the assaults, however, should not.  That is the difference in the seals that exist in this
litigation.  One was temporary and placed by Judge Jones as he transferred the case.  The
other one is a fact and proceeding specific seal, perfectly grounded in FRE 412, and
granted by Judge Joyner who had already received extensive briefing and confidential
information for in-chambers review only prior to sealing the disqualification which is
inextricably linked to the identities of many parties to sexual assault at Swarthmore.

Thus, denying the Letter request to reconsider and lift this seal has nothing to do with
the public's enormous interest in the overall Haque litigation, and everything to do with
the fact that there is no changed circumstance allowing for lifting the disqualification seal
as revealing this information is as harmful now as it was when the seal originally issued.

## CONCLUSION:

FRE 412 codifies the privacy interest at stake here and which grounds the seal over the disqualification as a perfect protective order emanating from FRCP 26(c). This should not be disturbed even though ordinarily the public has a right to access. The conditions since the seal obtained, in terms of factual information and in terms of the parties' reliance on the seal, have not and will not change.  The fact that publishing this information will bring harm to Mr. Jauregui and to many others, including third parties specifically protected under FRE 412, remains.  Thus not only does balancing the factors strongly suggest the seal of the disqualification information must remain, but further, nothing in the Letter request to reconsider that seal meets its burden to even trigger reconsideration to unseal that or any other disqualification-related information.


Respectfully Submitted,


**/s/ TANNIA JAUREGUI**
_____
Tannia Jauregui
**Attorney for Raul Jauregui**

Dated: July 12, 2017

10

**Proof of Service**

I certify that I served this motion as listed below and marked "confidential" on the following parties:

David McComb, Esq.
Attorney for Maroof Haque
Electronic mail

Daniel Segal, Esq.
Attorney for Jane Doe
Electronic mail

Hope Brinn, c/o
Virginia Hardwick, Esq.
Electronic mail and US Mail

Michael Baughman, Esq.
Attorney for Swarthmore College
Electronic mail

Author of the June 7, 2017 letter
US Mail

Dated: July 12, 2017

**/s/ TANNIA JAUREGUI**

_____
Tannia Jauregui, Esq.
Attorney for Raul Jauregui

11