### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAROOF HAQUE, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION |
| | : NO. 15-1355 |
| SWARTHMORE COLLEGE, | : |
| Defendants. | : |

FILED
JUL 28 2017
KATE BARKMAN, Clerk
By_____Dep. Clerk

### MEMORANDUM

**JOYNER, J.**                                July 27, 2017

Before the Court is Plaintiff's Motion to Lift the Seal, Defendant's Response thereto, and Plaintiff's Reply in Further Support thereof. For the reasons stated below, Plaintiff's Motion is GRANTED in part and DENIED in part.

### I. Background

This action stems from an incident that occurred in September 2011 on the Swarthmore College campus between Plaintiff and a female student ("Jane Doe"), both of whom were then freshmen at the college. As a result, Plaintiff alleges that he was falsely accused of sexual assault. In March 2015, Plaintiff filed this lawsuit asserting, *inter alia*, that Swarthmore violated his civil rights during the course of its investigation and adjudication of the sexual assault complaint against him. Ultimately, Swarthmore suspended him from the college, and subsequently expelled him.

On March 20, 2015, prior to the filing of the Amended Complaint, it was ordered that all case filings on record were to be placed temporarily under seal. On April 8, 2015, this Court denied Plaintiff's motion to lift the seal in this matter. Plaintiff subsequently filed an Amended Complaint, a Second Amended Complaint, and a Third Amended Complaint. On May 3, 2016, after Plaintiff's Third Amended Complaint was filed, this Court approved a Stipulated Confidentiality Agreement and Protective Order ("Protective Order") that provided protections to materials produced in discovery. These protections extend to materials pertaining to students who are not parties to this litigation ("Non-Party Students"), but who are protected by the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g ("FERPA"). Additionally, an Order Regarding Production of FERPA-Protected Information ("FERPA Order") was entered as well. Plaintiff now moves again to lift the seal.

**II. Standard**

When evaluating the necessity of a seal, the Third Circuit has asserted that there is a strong presumption of public access to "judicial records and documents." Leucadia, Inc. v. Applied Extrusion Tech., Inc., 998 F.2d 157, 161 (3d Cir. 1993)(internal quotations and citations omitted); See, In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001). The presumption of "public access

is a recognized and venerated principle" but it "'is not absolute,'" and, accordingly, can be rebutted by a showing of good cause. Cendant, 260 F.3d at 194 (quoting Littlejohn v. Bic Corp., 851 F.2d 673, 678 (3d Cir. 2001)); See also, Fed. R. Civ. P. 5.2, 26(c). To do so, the "party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994)(quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). When alleging the injury that would result from disclosure, the party must do so with "specificity," avoiding "broad allegations of harm." Cendant, 260 F.3d at 194. Even after a sealing has been ordered, its continuance must be reevaluated considering "current evidence" and "must be lifted at the earliest possible moment when the reasons for sealing no longer obtain." Id. at 196. However, when protection is being sought for information pertaining to a non-party, broader restrictions can be used to prevent harm to the non-party. Frank v. Honeywell Int'l Inc., No. 15-mc-00172, 2015 WL 4770965, at *4 (E.D. Pa. August 13, 2015).

It is first required that the party moving to unseal the judicial record "come forward with a reason to modify the order."

3

Pansy v. Borough of Stroudsburg, 23 F.3d 772, 790 (3d Cir. 1994). Then, it must be determined whether there is good cause, for which the Pansy Court provides the following eight factors to consider: (1) whether there is "an interest in privacy"; (2) "whether the information is being sought for a legitimate purpose or for an improper purpose"; (3) whether disclosure will result in embarrassment; (4) whether the information to be protected is "important to public health and safety"; (5) whether disclosure of the "information among litigants would promote fairness and efficiency"; (6) "whether a party benefitting from the order of confidentiality is a public entity or official"; (7) "whether the case involves issues important to the public"; and (8) "the parties' reliance on the [existing] order." Id. at 787-89. Nevertheless, this is not an exhaustive list of factors to be considered. Id. at 789.

## II. Discussion

Both parties agree that Plaintiff's original complaint (Doc. No. 3), the Amended Complaint (Doc. No. 12), and the Second Amended Complaint (Doc. No. 21) ought to remain under seal. We agree. See, Bloom v. Shalom, No. 13-1442, 2014 WL 356624, at *4 (W.D. Pa. January 31, 2014)(finding it appropriate to seal stricken complaint "to avoid public circulation" of pleadings that were deemed immaterial). Additionally, both parties agree

that the complainant "Jane Doe" should continue to be referred to by that pseudonym in future filings. The point of contention here lies in whether non-party students ought to be identified by their names in future pleadings.

In its Motion to Lift the Seal, Plaintiff asserts that colleges' adjudication of sexual assault complaints is an important issue to the public, which necessitates the public's access to this court record. Defendant contends that *any* information it provides regarding non-party students implicates the Family Educational Rights and Privacy Act (FERPA) 20 U.S.C. § 1232g (2013) and, therefore, demands protection.

**(A) FERPA**

The Family Educational Rights and Privacy Act is a federal law enacted with the purpose of ensuring parents' access to their children's educational records, as well as preventing the improper disclosure of those records. 20 U.S.C. § 1232(g). FERPA induces educational institutions to act in accordance with its standards by conditioning these institutions' receipt of federal funds on their compliance. Id. As it pertains to the unauthorized release of educational records, FERPA defines those materials as "those records, files, documents, and other materials which (i) contain information directly related to a student; and (ii) are

Case 2:15-cv-01355-JCJ Document 95 Filed 07/28/17 Page 6 of 12

maintained by an educational agency or institution or by a person acting for such agency or institution." Id. at § 1232g(a)(4)(A).

We agree, as do the parties, that disciplinary records of non-party student comparators fall under FERPA. However, we are unpersuaded by Defendant's allegation that *any* information that it produces relating to non-party students implicates FERPA. The Protective Order acknowledges that testimony by a non-party student that refers to a disciplinary record, or any other "educational record" that is covered by FERPA, is to be protected in the same manner that the record would be protected. (Doc. No. 46, at 2). However, whether testimony by a non-party student, which simply references specific students, is given protection under FERPA is less clear. See, Jennings v. Univ. of North Carolina, 340 F.Supp.2d 679, 684 (M.D.N.C. 2004)(denying protection to depositions which contained specific references to non-party students because they were not "educational records" as defined by FERPA). Regardless, materials covered by FERPA do not gain immediate protection, but, instead, are merely presumed to have a strong privacy interest attached. Lei Ke v. Drexel Univ., No. 11-6708, 2014 WL 1100179, at *5 (E.D. Pa. Mar. 20, 2014)(holding that redacted student files, which fall under FERPA's definition of "educational records," were to be made available for discovery to enable Plaintiff to prove his claim).

6

Yet, as the Defendant notes, the current Protective Order requires that references to non-party students be redacted. (Doc. No. 46, at 11). We find it unnecessary to determine whether the information sought here is covered by FERPA because we hold that, even in the absence of a FERPA implication, there continues to be good cause for referring to non-party students by pseudonyms in future filings.

### (B) Balancing Test

Current evidence must be evaluated to determine whether there continues to be good cause for keeping the identities of these non-party students anonymous. Accordingly, we turn to the factors set forth in Pansy. We first consider whether there are privacy interests that are deserving of protection. A privacy interest may establish good cause when disclosure could work an "'unnecessary or serious pain'" onto a party. Haber v. Evans, 268 F.Supp.2d 507, 511 (E.D. P.a. 2003)(quoting Publicker Indus., 733 F.2d at 1071). This case centers around the adjudication of a sexual assault complaint, a sensitive matter, which is acknowledged by both the existence of the Protective Order, and the language used in that Order. (Doc. No. 46, at 1). In this instance we recognize that the privacy interest belongs not to the Defendant, but instead to the non-party students themselves. It is relevant that seven students filed objections to the

7

possible disclosure of their educational records, suggesting that a harm may result from disclosure. However, we are not thoroughly convinced that this would constitute an "unnecessary or serious pain" and so we find that this factor only marginally supports keeping the identities of non-party students redacted.

Next, we must determine whether the identities of these non-party students are being sought for a legitimate purpose. Plaintiff's Reply correctly states that he is not required to show that he would experience a "significant burden" should the non-party students remain unidentified. Additionally, he argues that disclosure is necessary for administrative and procedural ease and because this case concerns issues of public interest. Given that Defendant does not assert that Plaintiff is seeking disclosure for an illegitimate purpose, we do not find that Plaintiff's purpose is improper. See, Arnold v. Pennsylvania, Dep't of Transp., 477 F.3d 105, 109-10 (3d Cir. 2007); Rossi v. Schlarbaum, No. 07-3792, 2008 WL 222323, at *3 (E.D. Pa. January 25, 2008).

Next, we consider whether keeping the identities of the non-party students under seal would prevent embarrassment. When a party seeks to protect information primarily to avoid embarrassment, it must be shown that the embarrassment is "particularly serious." Pansy, 23 F.3d at 787 (quoting Cipollone

v. Ligget Grp., Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)). Additionally, a party who asserts that they will suffer injury as a result of disclosure must provide more than generalized allegations that their reputation, including both personal and professional relationships, will be injured. See Arnold, 477 F.3d at 110; Rossi, 2008 WL 222323, at *3. Here, the Defendant simply alleges that there are FERPA implications, but does not allege that non-party students will suffer embarrassment should they be identified in future pleadings. Therefore, this factor militates in favor of lifting the seal.

Additionally, we must determine whether the disclosure of the names of non-party students is important to public health and safety, whether this case involves issues important to the public, and whether the party benefitting from the order of confidentiality is a public entity. To begin, it is important to note that neither the non-party students nor the Defendant are public entities or officials, thus, lessening the need for disclosure. In Benedict v. McMahon, 315 F.R.D. 447, 452 (E.D. Pa. 2016), the Court held that Plaintiff's action against a paramedic for injuries she sustained while receiving medical assistance did concern the health and safety of the public. However, the specific information sought to be disclosed, Defendant's expunged criminal record, did not; therefore, the Court found that this

9


factor weighed against disclosure. Id. Likewise, here, the case may be important to public health and safety, but the identities of the non-party students are not. Accordingly, this factor supports the continuing redaction of non-party students' names.

We now turn to whether this case is related to issues of public importance. In Doe v. Temple Univ., No. 14-4729, 2014 WL 4375613, at *2 (E.D. Pa. September 3, 2014), Plaintiff brought suit against his University alleging that the school had violated his due process rights during its adjudication of the sexual assault complaint against him. There, the Court, while considering Plaintiff's motion to proceed under pseudonym, stated that the manner in which colleges respond to sexual assault complaints is an "important issue[] commanding national attention." Id. Similarly, here, Plaintiff brought this action alleging that Swarthmore College violated his rights throughout the investigation and adjudication of the sexual assault complaint against him. For that reason, we find that this case concerns issues, like those in Doe v. Temple Univ., which "command national attention." See, id. Accordingly, this factor weighs in favor of disclosure.

It must also be determined whether disclosure of the identities of the non-party students would promote fairness and efficiency. Efficiency is fostered when disclosure "expedites the

trial timeline." United States v. Johnson, 191 F.Supp.3d 363, 372 (M.D. Pa. 2016). Fairness is furthered when parties have access to the relevant and necessary documents to prove their claims. See, Wallace v. Powell, No. 3:09-cv-0291, 2012 WL 1191607, at *4 (M.D. Pa. April 10, 2012)(finding disclosure of Plaintiffs' expunged records would not promote fairness because they were unnecessary to prove the defense which was being raised by Defendant). Regarding efficiency, Plaintiff, in his Reply, argues that it is procedurally burdensome for these non-party students to remain anonymous. Plaintiff's argument is in line with the idea that, typically, efficiency is furthered when information is disclosed between parties. See, Benedict, 315 F.R.D. at 452. However, it must also promote fairness. Here, although redacted, both parties have access to the documents and "it would be unfair to modify an order that was stipulated to and relied upon by the parties." Wallace, 2012 WL 1191607, at *4. For that reason, we find that this factor weighs in favor of protection.

Finally, in determining whether modification to the Protective Order is warranted, we must consider the original parties' reliance on that order. However, a party's reliance on an order is not dispositive because it is assumed that the parties acted with knowledge that it might be altered or modified at a later date. Pansy, 23 F.3d at 790. Defendant calls attention

to the fact that, pursuant to the FERPA Order, seven students filed objections with this Court regarding the disclosure of their personal information. There is no indication that any other action was taken in reliance on the Protective Order or the FERPA Order. Because we cannot discern any detriment that would befall Defendant as a result of its reliance, we find that this factor neither favors nor supports disclosure. In summary then, inasmuch as we find that just two of the eight Pansy factors favors lifting the seal on this action, we decline to do so at this time.

### III. Conclusion

After considering the submissions from both parties regarding Plaintiff's Motion to Lift the Seal, we find that there continues to be good cause for the use of pseudonyms for non-party students, including complainant, "Jane Doe," in future pleadings and we therefore decline to lift the seal in this action at the present time. In so holding, however, we recognize the possibility that the moving party may, in the future, succeed in making a compelling showing that the equities then favor opening these proceedings. Given that that showing has not yet been made, this motion is therefore granted in part and denied in part in accordance with the attached order.